KARIN G. PAGNANELLI (174763)
kgp@msk.com
ALEXA L. LEWIS (235867)
all@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

MICHAEL G. KELBER (*pro hac vice pending*)
BRADLEY F. RADEMAKER (*pro hac vice pending*)
LAWRENCE E. JAMES (*pro hac vice pending*)
KATHERINE DENNIS NYE (*pro hac vice pending*)
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 1700
Chicago, Illinois 60602
Telephone: (312) 269-8000
Facsimile: (312) 269-1747

Attorneys for Plaintiff
BEATS ELECTRONICS, LLC

FILED
CLERK, U.S. DISTRICT COURT

FEB - 6 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SACV13-0209 CJC(JPRx)

BEATS ELECTRONICS, LLC, a
Delaware Limited Liability Company,

        Plaintiff,

  v.

YAMAHA CORPORATION OF
AMERICA, a California Corporation,

        Defendant.

CASE NO.

**COMPLAINT FOR TRADE DRESS
INFRINGEMENT, PATENT
INFRINGEMENT AND UNFAIR
COMPETITION**

**JURY TRIAL DEMANDED**

1     Plaintiff, Beats Electronics, LLC ("Beats"), by its attorneys, asserts claims
2  against Defendant, Yamaha Corporation of America ("Yamaha"), for violation of
3  Beats' proprietary rights relating to the product configuration and appearance of
4  Beats' headphone products.  For its Complaint, Beats alleges as follows:

5

6                              **PARTIES**

7     1.     Plaintiff Beats is a limited liability company organized under the laws
8  of Delaware, with a principal place of business at 1601 Cloverfield Boulevard,
9  Suite 5000N, Santa Monica, California 90404.  Beats is a world-class producer of
10 cutting-edge audio equipment, including its "Pro," "Solo," "Studio," and
11 "Wireless" headphone products, all of which feature Beats' proprietary product
12 design protected by trade dress rights and U.S. Design Patents owned by Beats.

13    2.     Upon information and belief, Yamaha is a California corporation with
14 a principal place of business at 6600 Orangethorpe Avenue, Buena Park, California
15 90620.

16

17                        **NATURE OF THE ACTION**

18    3.     This Complaint is brought because of Yamaha's on-going
19 manufacture, importation, marketing and/or sales of "Pro 300," "Pro 400" and "Pro
20 500" headphones (collectively, the "Infringing Headphones"), which are knock-
21 offs of Beats' world-famous "Studio," "Solo" and "Wireless" model headphones
22 (respectively, the "Studio Headphones," "Solo Headphones" and "Wireless
23 Headphones")(collectively, the "Beats Headphones.")  As a result of these actions,
24 Yamaha has: [i] infringed Beats' famous and distinctive trade dress and committed
25 unfair competition in violation of 15 U.S.C. § 1125(a); [ii] infringed Beats' United
26 States Patents, Pat. Nos. D632,668 (the "'668 Patent," and D552,077 (the "'077
27 Patent") (collectively, "Beats Patents"), in violation of 35 U.S.C. § 271(a); [iii]
28 committed unfair competition in violation of the California Unfair Practices Act,

1

Cal. Bus. & Prof. Code § 17200 *et. seq.*; and [iv] committed trade dress infringement and unfair competition in violation of California common law.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction under one or more of the following statutes:  28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (patents and trademarks), and 28 U.S.C. § 1367 (supplemental jurisdiction).

5.     Personal jurisdiction is proper in the Central District of California under 28 U.S.C. § 1391(b) and (c) with respect to Defendant, because a substantial part of the events giving rise to the claims occurred in this District.   Upon information and belief, Defendant is located within this District, conducts regular business within this District, and specifically has marketed and continues to market the Infringing Headphones in this District.

6.     Venue is proper under 28 U.S.C. § 1391 (a), (b) and (c), as well as 28 U.S.C. § 1400(b).

## BACKGROUND AND FACTS RELATED TO THIS ACTION

7.     Beats grew out of collaboration between legendary artist and producer Andre Young (professionally known as Dr. Dre) and Jimmy Iovine, Chairman of Interscope Geffen A&M Records.  Among its products, Beats has developed a new line of revolutionary headphones with the capacity to reproduce the full spectrum of sound that musical artists and producers hear when producing music.  Among these revolutionary headphones are the Beats Studio Headphones, the Beats Solo Headphones, and the Beats Wireless Headphones.  Several copies of photographs of the Studio Headphones are attached hereto as Exhibit A, copies of photographs of the Solo Headphones are attached hereto as Exhibit B, and copies of photographs of the Wireless Headphones are attached hereto as Exhibit C.

8.     The designs of the Beats Studio, Solo and Wireless Headphones were revolutionary when they were introduced.  In contrast to the headphones on the market at the time, the Beats' Headphones were highly stylized and sleek. Consumers appreciated the design, as well as the sound quality, of the Beats Headphones and began wearing the Beats Headphones around their necks as a fashion accessory even when not listing to music.  In fact, the design of the Beats Headphones has been a significant driver of the commercial success the products.

9.     Since their introduction, Beats' Headphones have enjoyed tremendous popularity and sales.  The Studio Headphones have been featured with Dr. Dre in commercials for Dr. Pepper, and have been endorsed in commercials by numerous performing artists, such as William Adams (professionally known as will.i.am) and Ellie Goulding.   Beats Headphones are regularly worn by collegiate and professional athletes during nationally broadcast sporting events including college and professional football and basketball games.

10.    Moreover, through Beats' extensive sales and promotion of the Beats Headphones, consumers have come to associate the distinctive appearance of Beats' Studio Headphones, Solo Headphones, and Wireless Headphones with a single source, namely Beats.  Accordingly, the distinctive appearance of the Studio Headphones, Solo Headphones and Wireless Headphones constitute Beats' protectable, proprietary trade dress rights.  More particularly, Beats' Trade Dress rights in these products consists of the overall appearance of the shape and design of the headphones, including the size, proportion and curvature of the headband, yoke and earcups, as depicted in the collection of products shown in Exhibits A-C ("Beats' Trade Dress Rights").  As a result, Beats' Trade Dress Rights, along with the valuable goodwill associated with both Beats' name and its products, are very valuable assets of Beats.

3

11.     To further protect its revolutionary designs, Beats has obtained patent protection for the design of its headphones, and owns the Beats Patents.  A copy of each of the Beats Patents is attached collectively hereto as Exhibit D.

12.     In an effort to trade off of the goodwill and tremendous success of the Beats Headphones, Defendant has brought to market a new line of headphones that copied the distinctive aspects of the Beats' Headphones that comprise Beats' Trade Dress Rights.

13.     Notably, the design and appearance of Defendant's Infringing Headphones, as shown in Exhibit E, are a significant departure from that of the headphones offered by Defendant prior to Beats' introduction of its revolutionary headphone design.

14.     Defendant has, and continues to, manufacture or have manufactured, import, market, distribute and sell the infringing line of headphones as its "PRO" line of headphone products.  These Infringing Headphones are substantially the same as the designs in the Beats Patents, such that they infringe the Beats Patents. The Infringing Headphones are also confusingly similar to the Beats Headphones such that they infringe Beats' Trade Dress Rights and Beats' Patents, and trade off of Beats' goodwill in its products.  A side-by-side comparison of the Infringing Headphones and an exemplary Beats Headphone, attached hereto as Exhibit F, evidences the confusing similarity between Defendant's headphones and the Beats products embodying Beats' Trade Dress rights and Beats' Patent rights.

15.     The advertisements reproduced below, which include references to either Beats or Dr. Dre and have been displayed by Defendant or its affiliate at www.facebook.com/Yamahabackstagepass#!/yamahaAVau?fref=ts,  further show Defendant's intention to copy the distinctive design of Beats' headphones and/or its intention to trade off of the goodwill associated with Beats' product appearance.

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





16.    On November 30th, 2012, Beats, through its counsel, notified Defendant that the Infringing Headphones violate the Beats Patents and Beats' Trade Dress Rights.  Thus, at least as of November 30th, 2012, Defendant had actual knowledge of the Beats Patents and Beats' Trade Dress Rights. Nevertheless, Defendant continues to manufacture or have manufactured, import, distribute and sell the Infringing Headphones, thereby willfully infringing the Beats Patents and Beats' Trade Dress Rights.

## CAUSES OF ACTION
## COUNT I
**Trade Dress Infringement and Unfair Competition**

**(Section 43(a) of the Lanham Act: 15 U.S.C. §1125(a))**

17.    Beats realleges and incorporates herein the preceding paragraphs 1–16 of this Complaint.

18.    As set forth above, Beats has owned a valid and protectable interest in its Studio Headphones, Solo Headphones, and Wireless Headphones since before the acts of Defendant complained of herein.  As a result of Beats' continuous, exclusive and extensive promotion and sale of the Studio Headphones, Solo Headphones, and Wireless Headphones in interstate commerce and the commercial success of these headphones, Beats' unique Trade Dress has developed secondary meaning amongst the relevant consumers as an identifier of the source of the headphones.

19.    Due to Beats' expansive advertising campaign and other efforts, Beats' Trade Dress is widely recognized by the general consuming public as a source of Beats' goods.  Beats' headphones are advertised and sold throughout the United States, and have been advertised and publicized by both Beats and third parties.  Indeed, as early as 2010, Advertising Age named Beats one of the hottest brands in America.  Since 2010, Beats' brand recognition and the strength of its

1  Trade Dress have continued to grow.  As such, Beats' Trade Dress is a strong

2  mark, and became well-known before Defendant began selling or advertising its

3  Infringing Headphones.

4       20.  The features that comprise the Beats' Trade Dress and the

5  combination of those features are non-functional.

6       21.  Defendant's conduct is causing, and is likely to continue to cause in

7  the future, confusion, mistake or deception as to the affiliation, connection or

8  association of Defendant with Beats, and as to the origin, sponsorship or approval

9  of Defendant's goods, in violation of Section 43 of the Lanham Act, 15 U.S.C.

10 § 1125(a)(1).

11      22.  Defendant's unauthorized and tortious conduct also has deprived, and

12 will continue to deprive, Beats of the ability to control the consumer perception of

13 its goods marketed under Beats' Trade Dress Rights, placing the valuable

14 reputation and goodwill of Beats in the hands of Defendant, over whom Beats has

15 no control.

16      23.  Defendant's knowledge of Beats' Trade Dress Rights and reckless

17 disregard for the likely confusion caused by its acts renders this case exceptional

18 under 15 U.S.C. § 1117(a).

19      24.  As a result of Defendant's aforesaid conduct, Beats has suffered

20 substantial damage and irreparable harm constituting an injury for which it has no

21 adequate remedy at law.  Unless this Court enjoins Defendant's conduct, Beats will

22 continue to suffer irreparable harm.

23

24                **<u>COUNT II</u>**

25         **Patent Infringement - the '668 Patent**

26              **(35 U.S.C. § 271(a))**

27      25.  Beats realleges and incorporated herein its preceding paragraphs 1 –

28 24 of this Complaint.

7

26.     Beats is the owner by assignment of all the right, title and interest in the '668 Patent, entitled "Audio Listening System," which was duly and legally issued by the United States Patent and Trademark Office on February 15, 2011 from an application filed on March 11, 2010.

27.     In violation of 35 U.S.C. § 271(a), Defendant is directly infringing the '668 Patent by making, having made, using, importing, offering for sale, selling and/or marketing the Infringing Headphones.

28.     Based on the near-identical similarity between the Infringing Headphones and Beats' Solo Headphones, it is clear that Defendant knowingly and intentionally copied Beats' '668 Patent, and is willfully infringing Beats' rights.

29.     This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Beats' reasonable attorneys' fees.

30.     As a result of Defendant's aforesaid conduct, Beats has suffered substantial damage and irreparable harm constituting an injury for which it has no adequate remedy at law.  Unless this Court enjoins Defendant's conduct, Beats will continue to suffer irreparable harm.

## COUNT III

### Patent Infringement - the '077 Patent

### (35 U.S.C. § 271(a))

31.     Beats realleges and incorporates herein the preceding paragraphs 1 – 30 of this Complaint.

32.     Beats is the owner by assignment of all the right, title and interest in the '077 Patent, entitled "Headphone," which was duly and legally issued by the United States Patent and Trademark Office on October 2, 2007 from an application filed on June 13, 2006.

33.   In violation of 35 U.S.C. § 271(a), Defendant is directly infringing the '077 Patent by making, having made, using, importing, offering for sale, selling and/or marketing the Infringing Headphones.

34.   Based on the near-identical similarity between the Infringing Headphones and Beats' Studio Headphones, it is clear that Defendant knowingly and intentionally copied Beats' '077 Patent, and is willfully infringing Beats' rights.

35.   This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Beats' reasonable attorneys' fees.

36.   As a result of Defendant's aforesaid conduct, Beats has suffered substantial damage and irreparable harm constituting an injury for which it has no adequate remedy at law.  Unless this Court enjoins Defendant's conduct, Beats will continue to suffer irreparable harm.

## COUNT IV

### Violation of California Unfair Practices Act

### (Cal. Bus. & Prof. Code § 17200 *et. se*q.)

37.   Beats realleges and incorporates herein the preceding paragraphs 1 – 36 of this Complaint.

38.   Due to Beats' expansive advertising campaign and other efforts, Beats' Trade Dress is widely recognized in California and throughout the United States by the general consuming public as a source of Beats' goods.  Beats' Headphones are advertised in California and throughout the United States, and have been advertised and publicized by both Beats and third parties.  As such, Beats' Trade Dress is a strong mark, and became well-known before Defendant began selling or advertising its Infringing Headphones.

39.   The features that comprise the Beats' Trade Dress and the combination of those features are non-functional.

40.     Defendant's actions complained of herein constitute unfair trade practices in violation of Cal. Bus. & Prof. Code § 17200 in that they are likely to cause confusion or misunderstanding as to source, sponsorship of approval of Defendant's goods.  Defendant's deceptive conduct also creates a likelihood of confusion as to the affiliation, connection or association of its goods with Beats' well-known Studio Headphones, Solo Headphones, and Wireless Headphones. Such confusion damages the goodwill associated with Beats' name and products.

41.     Defendant had notice of Beats' ownership of and rights in its Trade Dress before Defendant's first use of its confusingly similar headphones. Accordingly, Defendant has willfully engaged in deceptive trade practices in violation of California law.

42.     As a result of Defendant's willful and malicious conduct, Beats is likely to suffer, and has in fact already suffered, actual injury in fact and irreparable harm for which it has no adequate remedy at law.  Unless this Court enjoins Defendant's conduct, Beats will continue to suffer irreparable harm.

## COUNT V

**California Common Law Trade Dress Infringement and Unfair Competition**

43.     Beats realleges and incorporates herein the preceding paragraphs 1 – 42 of this Complaint.

44.     Beats has used and promoted the Studio, Solo and Wireless Headphones within this State prior to Defendant's infringing conduct complained of herein, and Beats possesses superior common law rights in the Studio, Solo, and Wireless Headphones under the common law of the State of California.

45.     Defendant's unauthorized promotion, use, and sale of the Infringing Headphones is likely to cause confusion among consumers and existing and prospective customers.

46. By virtue of its actions described herein, Defendant has infringed upon Beats' Trade Dress, and has improperly traded on the goodwill associated therewith, in violation of the common law of this State.

47. As a result of Defendant's aforesaid conduct, Beats has suffered substantial damage and irreparable harm constituting an injury for which it has no adequate remedy at law. Unless this Court enjoins Defendant's conduct, Beats will continue to suffer irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in its favor and against Defendant as follows:

A. Judgment be entered that Defendant has infringed the claim of the '077 Patent directly, either literally or under the doctrine of equivalents, and/or indirectly;

B. Judgment be entered that Defendant has infringed the claim of the '668 Patent directly, either literally or under the doctrine of equivalents, and/or indirectly;

C. Judgment be entered that Defendant has infringed Beats' Trade Dress pursuant to 15 U.S.C. § 1125, and in violation of California common law, and has committed acts of unfair competition in violation of 15 U.S.C. § 1125 and California common law;

D. Judgment be entered permanently enjoining Defendant and each of its officers, members, employees, owners, managers, agents, attorneys, successors, servants, subsidiaries, related entities, licensees, and assigns, and all persons acting in concert with any of the foregoing, from:

    i. Any further acts of infringement or inducement of infringement of the '077 Patent or the '668 Patent;

ii.   selling, offering for sale, holding for sale, importing, advertising, or promoting any merchandise, goods, or services using trade dress that infringes Beats' Trade Dress or any trade dress confusingly similar thereto; or

iii.   doing any other act or thing that is likely to induce the belief that the Defendant's goods or services are in some way connected with Beats' goods or their respective businesses;

E.   Judgment be entered that this case is an exceptional case under 35 U.S.C. § 285;

F.   Defendant be held liable and ordered to account for and pay to Beats:

i.   damages adequate to compensate Beats for Defendant's infringement of the Beats Patents in an amount no less than a reasonable royalty pursuant to 35 U.S.C. § 284;

ii.   Defendant's respective total profits pursuant to 35 U.S.C. § 289;

iii.   treble damages pursuant to 35 U.S.C. § 284 based on Defendant's willful infringement of the Beats Patents, and pursuant to 15 U.S.C. § 1117(a) based on Defendant's willful infringement of Beats' Trade Dress;

iv.   all gains, benefits, and advantages derived from the Defendant's wrongful use, misappropriation, and infringement of Beats' Trade Dress;

v.   all losses and damages, including lost profits and costs for corrective advertising, suffered by Beats as a result of the Defendant's wrongful use and infringement of Beats' Trade Dress, including prejudgment interest and costs pursuant to 15 U.S.C. § 1117;

1          vi.     Beats' reasonable attorneys' fees under 35 U.S.C. § 285 and 15

2                 U.S.C. § 1117(a); and

3          vii.    Beats' pre-judgment and post-judgment interest and costs

4                 pursuant to 35 U.S.C. § 284 and 15 U.S.C. § 1117(a);

5      G.    Requiring Defendant to deliver to Beats for destruction all Infringing

6  Headphones and any other products or other articles in its possession or control

7  bearing Beats' Trade Dress, or any reproduction, counterfeit, copy or colorable

8  imitation thereof, and all plates, molds, matrices, screens or other means of making

9  the same; and, that Defendant be required to recall all Infringing Headphones and

10  any other products bearing Beats' Trade Dress from its customers and refund any

11  monies paid for such products to its customers;

12      H.    Requiring Defendant to deliver to Beats for destruction any and all

13  stationery, circulars, catalogs, charts, brochures, advertising, labels, packages,

14  signs, and all other material in its possession or under its control which depict the

15  Infringing Headphones or any other infringing trade dress or any trade dress

16  confusingly similar thereto;

17      I.    Declaring that Defendant's actions complained of above constitute a

18  violation of the California Unfair Practices Act, Cal. Bus. & Prof. Code § 17200 *et.*

19  *seq.*, and enjoining Defendant from continuing such acts;

20      J.    Declaring that Defendant's actions complained of above constitute a

21  violation of California common law trade dress infringement and unfair

22  competition and enjoining Defendant from continuing such acts; and

23     //

24     //

25     //

26     //

27     //

28

1        K.    Granting Beats damages and such other and future relief as this Court

2    deems just and proper.

3    PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.

4                                 Respectfully Submitted,

5

6    Dated: February 5, 2012        By:

7                                       Attorneys for Plaintiff
                                   Beats Electronics, LLC

8                                       Michael G. Kelber

9                                       Bradley F. Rademaker
                                   Lawrence E. James

10                                      Katherine Dennis Nye
                                   Neal, Gerber & Eisenberg, LLP

11                                      Two North LaSalle Street
                                   Suite 1700

12                                      Chicago, Illinois 60602
                                   Telephone:   (312) 269-8000

13                                      Facsimile:   (312) 269-1747

14

15   Dated: February 5, 2012        By:
                                   Attorneys for Plaintiff

16                                      Beats Electronics, LLC

17                                      Karin G. Pagnanelli (SBN 174763)
                                   Alexa L. Lewis (SBN 235867)

18                                      Mitchell Silberberg & Knupp LLP
                                   11377 West Olympic Boulevard

19                                      Los Angeles, California 90064-1683
                                   Telephone:   (310) 312-2000

20                                      Facsimile:   (310) 312-3100

21

22

23

24

25

26

27

28

1                                **<u>DEMAND FOR JURY TRIAL</u>**

2          Plaintiff hereby demands a trial by jury of all issues so triable.

3

4

5     Dated: February 5, 2012        By: _____

6                                   Attorneys for Plaintiff
                                   Beats Electronics, LLC

7                                    Michael G. Kelber
                                   Bradley F. Rademaker

8                                    Lawrence E. James
                                   Katherine Dennis Nye

9                                    Neal, Gerber & Eisenberg  LLP
                                   Two North LaSalle Street

10                                 Suite 1700
                                Chicago, Illinois 60602

11                                 Telephone:   (312) 269-8000
                                Facsimile:   (312) 269-1747

12

13

14     Dated: February 5, 2012        By: _____
                                   Attorneys for Plaintiff

15                                    Beats Electronics, LLC

16                                    Karin G. Pagnanelli (SBN 174763)
                                   Alexa L. Lewis (SBN 235867)

17                                 Mitchell Silberberg & Knupp LLP
                                11377 West Olympic Boulevard

18                                 Los Angeles, California 90064-1683
                                Telephone:   (310) 312-2000

19                                 Facsimile:   (310) 312-3100

20

     NGEDOCS: 2054886.1

21

22

23

24

25

26

27

28

# EXHIBIT A

**EXHIBIT A**






# EXHIBIT B

**EXHIBIT B**






# EXHIBIT C

**EXHIBIT C**






# EXHIBIT D



US00D632668S

(12) **United States Design Patent**
Brunner et al.

(10) Patent No.: **US D632,668 S**
(45) Date of Patent: ** **Feb. 15, 2011**

(54) **AUDIO LISTENING SYSTEM**

(75) Inventors: **Robert Brunner**, San Francisco, CA (US); **Gregoire Vandenbussche**, San Francisco, CA (US); **Chris Fruhauf**, San Anselmo, CA (US)

(73) Assignee: **Beats Electronics, LLC**, Santa Monica, CA (US)

(**) Term: **14 Years**

(21) Appl. No.: **29/357,430**

(22) Filed: **Mar. 11, 2010**

(51) **LOC (9) Cl.** .................................... **14-01**
(52) **U.S. Cl.** ...................................... **D14/205**
(58) **Field of Classification Search** ................ D14/205,
        D14/206, 223, 188, 192; 181/129, 130, 135;
        379/430, 433.01; 381/380, 381; 128/864,
                    128/865, 866; D29/112
        See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 3,104,398 | A | 9/1963 | Georg |
| 4,173,715 | A | 11/1979 | Gosman |
| D254,876 | S * | 5/1980 | Reitenga et al. ............ D29/112 |
| 4,634,816 | A * | 1/1987 | O'Malley et al. ............ 379/430 |
| D313,092 | S | 12/1990 | Nilsson |
| 5,018,599 | A | 5/1991 | Dohi et al. |
| 5,035,005 | A | 7/1991 | Hung |
| D328,074 | S * | 7/1992 | Yamazaki et al. .......... D14/205 |
| D328,461 | S | 8/1992 | Daido et al. |
| D351,172 | S | 10/1994 | Nakamura |
| D358,389 | S * | 5/1995 | Isono ......................... D14/205 |
| D420,356 | S | 2/2000 | Suzuki |
| 6,081,604 | A | 6/2000 | Hikichi et al. |
| D430,140 | S | 8/2000 | Roman |
| D457,512 | S | 5/2002 | Yoneda |
| 6,449,806 | B1 | 9/2002 | Engelhard et al. |
| D484,485 | S * | 12/2003 | Matsuoka ................... D14/205 |

(Continued)

OTHER PUBLICATIONS

U.S. Appl. No. 29/353,186 filed Jan. 4, 2010 (which is not being furnished herewith, pursuant to the Commissioner's Notice dated Sep. 21, 2004).

*Primary Examiner*—Paula Greene
(74) *Attorney, Agent, or Firm*—Michael G. Kelber; Neal, Gerber & Eisenberg LLP

(57)                    **CLAIM**

The ornamental design for an audio listening system, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of an audio listening system showing my new design, the opposite perspective view is a mirror image;

FIG. 2 is back view of the embodiment of an audio listening system depicted in FIG. 1;

FIG. 3 is a front view of the embodiment of an audio listening system depicted in FIG. 1;

FIG. 4 is a first side view of the embodiment of an audio listening system depicted in FIG. 1;

FIG. 5 is a second side view of the embodiment of an audio listening system depicted in FIG. 1, from the opposite side depicted in FIG. 4;

FIG. 6 is a top plan view of the embodiment of an audio listening system depicted in FIG. 1; and,

FIG. 7 is a bottom plan view of the embodiment of an audio listening system depicted in FIG. 1.

The broken lines showing the environment in the Figures are for illustrative purposes only and form no part of the claimed design.

**1 Claim, 2 Drawing Sheets**





**US D632,668 S**

Page 2

## U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 6,654,966 | B2 | 12/2003 | Rolla |
| D484,868 | S | 1/2004 | Suzuki |
| D491,163 | S | 6/2004 | Green |
| D532,407 | S | 11/2006 | Motoishi |
| D534,155 | S * | 12/2006 | Obata ...................... D14/205 |
| D534,156 | S * | 12/2006 | Obata ...................... D14/205 |
| 7,172,052 | B2 * | 2/2007 | Lenhard-Backhaus ...... 181/129 |
| D540,301 | S * | 4/2007 | Obata ...................... D14/205 |
| D541,257 | S * | 4/2007 | Thursfield ................. D14/205 |
| D552,077 | S * | 10/2007 | Brunner et al. ........... D14/205 |
| D557,684 | S * | 12/2007 | Pundsack et al. .......... D14/205 |
| D563,382 | S * | 3/2008 | Wikel ...................... D14/205 |

| | | | |
|---|---|---|---|
| D582,890 | S * | 12/2008 | Koza et al. ................. D14/205 |
| D585,871 | S * | 2/2009 | Lee .......................... D14/205 |
| D585,872 | S | 2/2009 | Lee |
| D588,098 | S | 3/2009 | Kurihara |
| D588,100 | S * | 3/2009 | Denso et al. .............. D14/205 |
| D591,263 | S * | 4/2009 | Shimizu .................... D14/205 |
| D592,182 | S * | 5/2009 | Sanguinetti ................ D14/205 |
| D592,640 | S * | 5/2009 | Tkachuk .................... D14/205 |
| D593,995 | S * | 6/2009 | Shimizu .................... D14/205 |
| D603,370 | S | 11/2009 | Suzuki |
| D603,371 | S * | 11/2009 | Boateng et al. ............ D14/205 |
| D616,865 | S | 6/2010 | Marchand et al. |
| D617,769 | S * | 6/2010 | Birger ...................... D14/205 |

* cited by examiner

EX D - 20

**U.S. Patent**          Feb. 15, 2011          Sheet 1 of 2          **US D632,668 S**



FIG. 1



FIG. 2                          FIG. 3



**FIG. 4**



**FIG. 5**



**FIG. 6**



**FIG. 7**

US00D552077S

(12) **United States Design Patent**   (10) Patent No.:   **US D552,077 S**
Brunner et al.   (45) Date of Patent:   ** **   Oct. 2, 2007

(54) **HEADPHONE**

(76) Inventors: **Robert Brunner**, 642 Carolina St., San Francisco, CA (US) 94107; **Francois Nguyen**, 1830 Ellis St. #C, San Francisco, CA (US) 94115

(**) Term: **14 Years**

(21) Appl. No.: **29/261,443**

(22) Filed: **Jun. 13, 2006**

(51) LOC (8) Cl. .................................................. **14-01**
(52) U.S. Cl. ...................................................... **D14/205**
(58) Field of Classification Search ............... D14/188, D14/192, 205–206, 223; 2/209; 181/129–130; 379/430–431; 381/379, 380, 383, 371, 382; 24/3.1; D29/112
See application file for complete search history.

(56)   **References Cited**

U.S. PATENT DOCUMENTS

3,104,398 A  *  9/1963  Palmaer .......................... 2/209

(Continued)

*Primary Examiner*—Paula A. Greene
(74) *Attorney, Agent, or Firm*—Dergosits & Noah LLP

(57)   **CLAIM**

The ornamental design for headphone, as shown.

**DESCRIPTION**

FIG. **1** is a perspective view of a headphone, according to one embodiment of the present invention;

FIG. **2** is a front view of the headphone illustrated in FIG. 1, according to one embodiment of the present invention;

FIG. **3** is a back view of the headphone illustrated in FIG. 1, according to one embodiment of the present invention;

FIG. **4** is a left side view of the headphone illustrated in FIG. 1, according to one embodiment of the present invention;

FIG. **5** is a right side view of the headphone illustrated in FIG. 1, according to one embodiment of the present invention;

FIG. **6** is a top view of the headphone illustrated in FIG. 1, according to one embodiment of the present invention;

FIG. **7** is a bottom view of the headphone illustrated in FIG. 1, according to one embodiment of the present invention;

FIG. **8** is a perspective view of a headphone, according to another embodiment of the present invention;

FIG. **9** is a front view of the headphone illustrated in FIG. **8**, according to another embodiment of the present invention;

FIG. **10** is a back view of the headphone illustrated in FIG. **8**, according to another embodiment of the present invention;

FIG. **11** is a left side view of the headphone illustrated in FIG. **8**, according to another embodiment of the present invention;

FIG. **12** is a right side view of the headphone illustrated in FIG. **8**, according to another embodiment of the present invention;

FIG. **13** is a top view of the headphone illustrated in FIG. **8**, according to another embodiment of the present invention; and,

FIG. **14** is a bottom view of the headphone illustrated in FIG. **8**, according to another embodiment of the present invention.

**1 Claim, 8 Drawing Sheets**



**US D552,077 S**

Page 2

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 4,173,715 A | * | 11/1979 | Gosman | ..................... 381/382 |
| D313,092 S | * | 12/1990 | Nilsson | ..................... D29/112 |
| D420,356 S | * | 2/2000 | Suzuki | ..................... D14/205 |
| 6,081,604 A | * | 6/2000 | Hikichi et al. | ................ 381/371 |
| D457,512 S | * | 5/2002 | Yoneda | ..................... D14/205 |
| 6,449,806 B1 | * | 9/2002 | Engelhard et al. | ............ 24/3.1 |
| 6,654,966 B2 | * | 12/2003 | Rolla | ............................ 2/209 |
| D484,868 S | * | 1/2004 | Suzuki | ..................... D14/205 |
| D532,407 S | * | 11/2006 | Motoishi | ................ D14/205 |

* cited by examiner

**U.S. Patent**      Oct. 2, 2007      Sheet 1 of 8      US D552,077 S



**FIG. 1**

EX D - 25



**FIG. 2**



**FIG. 3**

**U.S. Patent**          Oct. 2, 2007          Sheet 3 of 8          US D552,077 S



**FIG. 4**



**FIG. 5**



**FIG. 6**



**FIG. 7**



**FIG. 8**

**U.S. Patent**     Oct. 2, 2007     Sheet 6 of 8     US D552,077 S



FIG. 9

FIG. 10



**FIG. 11**



**FIG. 12**



**FIG. 13**



**FIG. 14**

# EXHIBIT E

**EXHIBIT E**

YAMAHA PRO 300, 400 and 500



 



# EXHIBIT F

**<u>EXHIBIT F</u>**

BEATS SOLO vs. YAMAHA 300:

 

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney  and the assigned discovery Magistrate Judge is Jean P. Rosenbluth.

The case number on all documents filed with the Court should read as follows:

## SACV13- 209 CJC (JPRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[✓] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

KARIN G PAGNANELLI (174763) kgp@msk.com
ALEXA L. LEWIS (235867) all@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100
Attorneys for Plaintiff BEATS ELECTRONICS, LLC

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATS ELECTRONICS, LLC, a Delaware Limited Liability Company, <br><br> PLAINTIFF(S) <br><br> v. <br><br> YAMAHA CORPORATION OF AMERICA, a California Corporation, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **SACV13-0209** (JC (JPRx) <br><br><br> **SUMMONS** |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Alexa L. Lewis, whose address is Mitchell Silberberg & Knupp LLP, 11377 West Olympic Boulevard, Los Angeles, CA 90064-1683. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: FEB - 6 2013

By: ___JULIE PRADO___

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
BEATS ELECTRONICS, LLC

**DEFENDANTS**
YAMAHA CORPORATION OF AMERICA

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Karin G. Pagnanelli (SBN 174763) kgp@msk.com
Alexa L. Lewis (SBN 235867) all@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 W. Olympic Blvd., Los Angeles, CA 90064
Telephone: 310-312-2000    Facsimile: 310-312-3100

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT: $** various damages

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
35 U.S.C. § 271 et seq, patent infringement; 15 U.S.C. § 1125(a), trade dress infringement

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☒ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 861 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

SACV13-0209

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Orange |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.

Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date February 5, 2013

Alexa L. Lewis

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |