1  MICHAEL J. BETTINGER (STATE BAR NO. 122196)
   mike.bettinger@klgates.com
2  SHANE BRUN (STATE BAR NO. 179079)
   shane.brun@klgates.com
3  RACHEL R. DAVIDSON (STATE BAR NO. 215517)
   rachel.davidson@klgates.com
4  J. MICHAEL KEYES (STATE BAR NO. 262281)
   mike.keyes@klgates.com
5  K&L GATES LLP
   4 Embarcadero Center, Suite 1200
6  San Francisco, CA 94111
   Phone: (415) 882-8200
7  Fax:    (415) 882-8220

8  Attorneys for Plaintiff BEATS ELECTRONICS, LLC

9  [Counsel for Defendant listed on next page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| BEATS ELECTRONICS, LLC, | Case No. CV13-00209-CJC (JPRx) |
| Plaintiff, | The Honorable Cormac J. Carney |
| v. | **JOINT RULE 26(f) REPORT** |
| YAMAHA CORPORATION OF AMERICA, | |
| Defendant. | |
| | **Complaint Filed:** February 6, 2013 |
| YAMAHA CORPORATION OF AMERICA, | **Trial Date:** None Set |
| Counter-Claimant, | |
| v. | |
| BEATS ELECTRONICS, LLC, | |
| Counter-Defendant. | |

DAVID L. FEHRMAN (CA SBN 87400)
dfehrman@mofo.com
BITA RAHEBI (CA SBN 209351)
brahebi@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

JENNIFER LEE TAYLOR (CA SBN 161368)
jtaylor@mofo.com
FRANCIS C. HO (CA SBN 247426)
fho@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Attorneys for Defendant
YAMAHA CORPORATION OF AMERICA

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Local Rule 26-1, and the Court's Notice of Intent to Schedule Case [Dkt. 27], Plaintiff and Counter-Defendant, Beats Electronics, LLC ("Plaintiff" or "Beats"), and Defendant and Counter-Claimant, Yamaha Corporation of America ("Defendant" or "Yamaha"), submit this Joint Rule 26(f) Report through their respective counsel of record.

**Case Management:**

**Complex Case:**

The parties agree that this case is not complex, and that the procedures of the Manual for Complex Litigation should not apply.

**Alternative Dispute Resolution:**

The parties agree that, pursuant to Local Rule 16, this case is best suited to mediation by a private mediator (option 3).  The parties will work together to agree upon a mediator and time for the mediation.

**Discovery:**

The parties agree that discovery will be necessary on all issues in the case, including, but not limited to, the scope of Beats' rights in the asserted patents and the asserted trade dress, the likelihood of confusion between Beats' asserted trade dress and the trade dress of Yamaha's headphones, whether Yamaha's headphones infringe Beats' asserted patents, whether Beats' asserted patents are invalid, whether Beats' asserted trade dress is protectable, and damages.  The parties agree that the limitations of the federal and local rules should apply.  The parties agree that each party shall propound no more than 100 Requests for Admission, excluding any Requests for Admission that seek an admission that a particular document is authentic.

**Electronically Stored Information ("ESI"):**

The parties agree to produce ESI in TIFF format. Upon written request of a request for a native file, the parties agree to meet and confer to resolve the request. To the extent email is produced, the parties agree that all ESI shall be produced so that the TIFF file for any attachment to an email immediately follows that email. Absent good cause, the parties agree that they shall not search backup data that is maintained in a party's normal processes, including but not limited to backup tapes, disks, SAN, and other forms of media, for further responsive ESI, and that the parties may continue in their regular course of business with regard to the preservation or destruction of back-up data.

**Metadata:**

The parties agree that it is not necessary to provide metadata with their productions as a matter of course, but further agree to meet and confer regarding requests for metadata for specific metadata.

**E-Mail Production:**

**Beats' Position:** Beats' Complaint alleges that Yamaha intentionally copied its headphone trade dress and design patents to create a knock-off model of headphones. There is no question that e-mail correspondence associated with Yamaha's design and development of the accused headphones will contain key evidence on Beats' claims and thus, e-mails should be searched and produced as a matter of course in this case without additional party-imposed limitations. This is a straight-forward trade dress and design patent infringement case involving a limited scope of headphones designed and developed during a particular time frame, not a complex, technical patent infringement action, which may, under appropriate case specific circumstances, warrant the e-discovery limitations or the Model Order protocols that Yamaha proposes below. Because, the Federal Rules

of Civil Procedure are adequate to address this straightforward case, Beats objects to Yamaha's unnecessary proposed supplemental e-discovery order attached as Exhibit A, particularly, Yamaha's proposal to (1) delay e-mail production until after the parties have exchanged information about the patents, prior art, the accused products and relevant finances; and (2) limit e-mail production to only five custodians and five search terms per custodian per party.

**Yamaha's Position:** In light of the high cost related to production of e-mails, Yamaha proposes that e-mails need not be searched as a matter of course. To obtain e-mail, parties must propound specific email production requests. E-mail production requests shall only be propounded for specific issues rather than general discovery of a product or business. To that end, Yamaha proposes to supplement the discovery protocols in this case by adopting the Federal Circuit Advisory Council's model order on e-discovery, available at http://www.cafc.uscourts.gov/images/stories/announcements/Ediscovery_Model_Order.pdf.

At least one other Court in this Circuit has adopted the model order on e-discovery to curtail the "unchecked problem" of over-burdensome e-mail discovery. *See, e.g.*, *DCG Sys. v. Checkpoint Techs., LLC*, 2011 U.S. Dist. LEXIS 142293 (N.D. Cal. Nov. 2, 2011) (echoing Chief Judge Rader's comments that ".0074% of the documents produced actually made their way onto the trial exhibit list— less than one document in ten thousand [and that] email appears more rarely as relevant evidence" in appeals). Other district courts have likewise entered discovery orders based on the Federal Circuit model order narrowing the scope of e-mail discovery. *See, e.g, Tracbeam, LLC v. AT&T Inc.*, 6:11-cv-00096-LED (ECF No. 211) (E.D. Tex. Apr. 19, 2012) ("streamlin[ing] production of electronically stored information, including electronic mail (or 'e-mail'), in order to promote a 'just, speedy, and inexpensive determination' of this action"). Yamaha attaches the proposed supplemental e-discovery order as Exhibit A.

**Protective Order:**

The parties agree that a Protective Order will be necessary in this case and are in the process of negotiating the same.

**Privilege Log:**

The parties agree that each party shall produce a privilege log of all responsive documents that it is not producing because of a claim of privilege or work product protection. The parties agree that they shall not log any such documents created after the filing date of this action.

**Service:**

The parties agree that pursuant to Fed. R. Civ. P. 5, service in this case may be effected using electronic mail to the counsel of record (such service shall be considered First-Class mail for scheduling purposes so long as service is made by 5 p.m. Pacific time).

**Case Scheduling:**

**Initial Disclosures:**

The parties agree to exchange initial disclosures no later than September 1, 2013. The parties agree that discovery can be served no earlier than the date the parties exchange initial disclosures.

**Additional Parties:**

The parties agree that there are unlikely to be any additional parties. The parties propose that the deadline to join any additional parties should be October 1, 2013.

**Discovery:**

Based on the number of claims at issue, the parties propose that the fact discovery cutoff should be April 4, 2014.

**Expert Witnesses:**

The parties propose to exchange opening expert witness disclosures on all claims on which the party bears the burden of proof on May 2, 2014.

The parties propose that all rebuttal expert disclosures be exchanged on June 6, 2014 and that the expert discovery cutoff should be June 27, 2014.

***Markman*/Claim Construction:**

**Beats' Position:** This is a straightforward trade dress and design patent infringement case which does not warrant a Markman hearing. As this Court noted in *Yokohama Rubber Company LTD v. Stamford Tyres, International PTE LTD*, CV-07-00010-CJC (MGLx) (Dkt# 181, 1/19/10) the Federal Circuit in *Egyptian Goddess Inc. v. Swisa, Inc*. decided that a district court "is not obligated to issue a detail verbal description of the design if it does not regard verbal elaboration as necessary or helpful." 543 F.3d 665, 679 (Fed. Cir. 2008). Instead, "given the difficulty in describing a design in words, "the preferable course ordinarily will be for a district court not to attempt to 'construe' a design patent claim by providing a detail verbal description of the claimed design. *Id.* (*Yokohama Rubber*, Dkt# 181, p. 3.) Here, as in Yokohama, the Court's analysis should focus on the visual impressions of Beats' design patents and Yamaha's accused designs, rather than conducting detailed verbal claim construction.

**Yamaha's position:** Yamaha proposes that the parties exchange opening briefs on the claim construction of Beats' design patents on July 11, 2014 and that the parties exchange responsive briefs on July 25, 2014. Yamaha proposes that the

1  Court schedule the *Markman* hearing to construe Beats' design patents in August
2  2014, if the Court's schedule accommodates.

3        A claim construction hearing on Beats' design patents is required under
4  design patent law. As with utility patents, a design patent must be properly
5  construed to determine its meaning and scope. *See Egyptian Goddess Inc. v. Swisa,*
6  *Inc.*, 543 F.3d 665, 679 (Fed. Cir. 2008) (holding that "trial courts have a duty to
7  conduct claim construction in design patent cases").  Claim construction is a
8  question of law for the court.  *Id*; *see also Markman v. Westview Instruments, Inc.*,
9  52 F.3d 967, 979 (Fed. Cir. 1995) (*en banc*); *see also McIntire v. Sunrise Specialty*
10 *Co.*, No. Civ. S-11-2495 LKK/CKD, 2012 U.S. Dist. LEXIS 54001 (E.D. Cal. Apr.
11 17, 2012) (ordering *Markman* hearing and issuing briefing schedule for
12 construction of design patents).

13/14        Indeed, the Federal Circuit in *Egyptian Goddess* explained:

15–21      Apart from attempting to provide a verbal description of the design, a trial court can usefully guide the finder of fact by addressing a number of other issues that bear on the scope of the claim. Those include such matters as describing the role of particular conventions in design patent drafting, such as the role of broken lines, see 37 C.F.R. § 1.152; assessing and describing the effect of any representations that may have been made in the course of the prosecution history, *see Goodyear Tire & Rubber Co.*, 162 F.3d at 1116; and distinguishing between those features of the claimed design that are ornamental and those that are purely functional, *see Oddzon Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997).

22 543 F.3d at 680.  Accordingly, the Court must first construe the claimed designs
23 before the fact finder determines infringement.  *Elmer v. ICC Fabricating*, 67 F.3d
24 1571, 1577 (Fed. Cir. 1995) ("Determining whether a design patent claim has been
25 infringed requires, first, as with utility patents, that the claim be properly construed
26 to determine its meaning and scope.").  Moreover, construction of the design
27 patents should occur after the close of discovery because design patent claim
28 construction entails issues related to facts uncovered during discovery, such as

facts related to whether an element of the claimed design is functional.  *See Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293 (Fed. Cir. 2010) ("Where a patented design contains both functional and nonfunctional elements, the scope of the claim must be construed in order to identify the nonfunctional aspects of the design as shown in the patent.").  Beats relies on *Yokohama Rubber* to argue against holding a *Markman* hearing.  However, this Court decided *Yokohama Rubber* prior to the Federal Circuit's directive in *Richardson* that design patent claims "must be construed" to discount nonfunctional elements.  597 F.3d at 1293.

**Dispositive Motions:**

Both parties anticipate that they may file motions for summary judgment or partial summary judgment.   The parties propose that all dispositive or partially dispositive motions shall be filed no later than September 12, 2014.

**Trial Estimate:**

The parties agree that trial is likely to take five to seven days.  A table summarizing the parties' proposed dates for a case schedule is below.

| Event | Parties Agreed Upon Dates | Plaintiff's Proposed Position for Markman | Defendant's Proposed Dates for Markman |
|---|---|---|---|
| Initial Disclosures | Sept. 1, 2013 | | |
| Last day to amend pleadings or add parties without leave of Court | Oct 1, 2013 | | |
| Close of Fact Discovery | April 4, 2014 | | |
| Last day for exchange of Opening Expert Reports (on issues for which the serving | May 2, 2014 | | |

| Event | Parties Agreed Upon Dates | Plaintiff's Proposed Position for Markman | Defendant's Proposed Dates for Markman |
|---|---|---|---|
| party bears the burden of proof) | | | |
| Last day for exchange of Rebuttal Expert Reports | June 6, 2014 | | |
| Close of Expert Discovery | June 27, 2014 | | |
| Opening *Markman* Briefs Due (both parties) | | Markman unnecessary | July 11, 2014 |
| Rebuttal *Markman* Briefs Due (both parties) | | Markman unnecessary | July 25, 2014 |
| *Markman* Hearing | | Markman unnecessary | Aug. 2014 |
| Last day to complete ADR | 45 days before Pre-trial Conference | | |
| Last day for Dispositive Motion Filing | Sep. 12, 2014 | | |
| Pre-trial Conference | Oct. 2014 | | |
| Trial | Nov. 2014 | | |

Dated:   August 19, 2013       By: _____/s/ Rachel Davidson_____
                    Attorneys for Plaintiff and Counter-Defendant, BEATS ELECTRONICS, LLC

MICHAEL J. BETTINGER (CA SBN 122196)
SHANE BRUN (CA SBN 179079)
RACHEL R. DAVIDSON (CA SBN 215517)
J. MICHAEL KEYES (CA SBN 262281)
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Phone:   (415) 882-8200
Fax:       (415) 882-8220

| | | |
|---|---|---|
| Dated: August 19, 2013 | By: | /s/ *Bita Rahebi* |
| | | Attorneys for Defendant and Counter-Claimant, YAMAHA CORPORATION OF AMERICA |

David L. Fehrman (CA SBN 87400)
Bita Rahebi (CA SBN 209351)
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone:   (213) 892-5200
Facsimile:   (213) 892-5454

Jennifer Lee Taylor (CA SBN 161368)
Francis C. Ho (CA SBN 247426)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Attorneys for Defendant Yamaha Corporation of America